IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUSUF O. BUSH , Plaintiff, | : | 1:19-cv-1521 |
| v. | : | Hon. John E. Jones III |
| COUNSELOR GRIFFIN, *et al.*, Defendants. | : | |

**MEMORANDUM**

**September 29, 2020**

Plaintiff Yusuf O. Bush ("Bush") a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), who at all times relevant was incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, commenced this *Bivens*[1] action on September 3, 2019. (Doc. 1). He names as Defendants Counselor Griffin, Case Manager Shade, Captain Konkle, Officer Beaver, Unit Manager Berkowski, Officer Wolfgang, David J. Ebbert, and various John Doe Defendants.

Presently pending is Defendants' motion (Doc. 10) to dismiss Bush's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court created a limited federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

## I. **RULE 12(b)(6) STANDARDS OF REVIEW**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the

> assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## II. <u>DISCUSSION</u>

In his complaint, Bush alleges that Defendants retaliated against him for filing grievances complaining of staff tampering with his legal mail, by thwarting his efforts to exhaust administrative remedies, denying him medical care, issuing a

false misconduct, interfering with his mail, and denying him access to the courts. (Doc. 1, pp. 3, 4, 6-8). Defendants move to dismiss the complaint on the basis that there is no *Bivens* remedy available for First Amendment claims. In so moving, they rely on the Supreme Court's pronouncement in *Ziglar v. Abbasi*, 582 U.S. ——–, 137 S. Ct. 1843 (2017), that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937).

By way of background, in *Bivens*, the Supreme Court concluded that, even absent statutory authorization, it would enforce a damages remedy allowing individuals to be compensated after experiencing Fourth Amendment violations of the prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 397. The Court extended *Bivens* to include a Fifth Amendment Due Process damages remedy to an administrative assistant claiming that a Congressman discriminated against her based on gender. *Davis v. Passman*, 442 U.S. 228, 249-49 (1979). The Court extended *Bivens* yet again in 1980, concluding that the Eighth Amendment's prohibition on cruel and unusual punishment provided a prisoner a cause of action for damages against prison officials who failed to treat his asthma. *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468. (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which

the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. 1843, 1855 (2017).

In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed. *Ziglar*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937). Initially, courts must determine whether the case presents a new *Bivens* context; "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme] Court, then the context is new." *Id.* at 1859. "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider. *Id.* at 1859-60." If the case presents a new context, a court must consider whether any alternative remedies exist. *Id.* at 1859-60. Even absent alternative remedies, a court must also consider whether special factors counsel against extending the *Bivens* remedy. *Id.*

In the matter *sub judice*, Bush alleges violations of his First Amendment rights. The Supreme Court has "never [explicitly] held that *Bivens* extends to First

Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Recently, the United States Court of Appeals for the Third Circuit declined to extend a *Bivens* remedy for First Amendment retaliation claims brought in the prison workplace assignment context by a prisoner complaining about harassment by correctional officers. *Mack v. Yost*, 968 F.3d 311, 325 (3d Cir. 2020). The Third Circuit has also refused to extend *Bivens* to a First Amendment retaliation claim brought against an agent of the Transportation Safety Administration, *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017), or a First Amendment retaliation claim brought against prison officials at the Federal Detention Center in Philadelphia by a detainee, *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018). Additionally, in a non-precedential opinion, the Third Circuit noted in the context of a First Amendment retaliation claim brought by a federal prisoner against correctional staff that "a First Amendment retaliation claim. . ., may not apply to a *Bivens* claim against a federal official." *See Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x. 137, 140 n. 3 (3d Cir. 2018).

Likewise, a number of district courts within the Third Circuit have ruled that there is no *Bivens* claim for First Amendment retaliation in the prison context. *See Branford v. United States*, No. 1:19-CV-1023, 2020 WL 5026427, at *4 (M.D. Pa.

Aug. 25, 2020); *Shorter v. Samuels*, No. 3:16-cv-1973, 2019 WL 6492534, at *9 (M.D. Pa. Dec. 3, 2019); *Railey v. Ebbert*, 407 F. Supp. 3d 510, 520–21 (M.D. Pa. 2019), appeal dismissed, No. 19-3889, 2020 WL 3414760 (3d Cir. Feb. 19, 2020); *Randolph v. FCI Allenwood (Med) et al.*, No. 1:17-cv-786, 2018 WL 22637333 (M.D.Pa. May 17, 2018) adopting Report and Recommendation, 2018 WL 2276246 (M.D.Pa. Apr. 24, 2018).

There is no question that Bush's retaliation claim, in which he asserts interference with mail and denial of access to the courts, *inter alia*, presents a new context because it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Ziglar*, 137 S. Ct. at 1859.[2] *See Raiely*, 407 F.Supp 3d at 521 (collecting cases).

Next, we consider whether any alternative remedies exist and whether special factors counsel against extending the *Bivens* remedy. *Ziglar*, 137 S. Ct. at 1859-60. Defendants argue that the BOP's Administrative Remedy Program provides an alternative process. (Doc. 11, p. 10, citing 28 C.F.R. §§ 542.15, 16, 18). They note that while Bush may not be entitled to the monetary relief he seeks here, the Supreme Court has found that "'administrative review mechanisms' can

---

[2] Bush's claim "bear[s] little resemblance" to "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma," the contexts previously recognized by the Supreme Court. *Ziglar*, 137 S. Ct. at 1860.

provide ‘meaningful redress’ – such as internal investigations and employee discipline – even if they do not ‘fully remedy the constitutional violation.’ [*See Corr. Servs. Corp. v.*] *Malesko*, 534 U.S. at 520).” (*Id.*). We join other courts that considered the issue in concluding the BOP’s Administrative Remedy Program provides an alternative process. *Railey*, 407 F. Supp. 3d at 521; *Cox v. True*, No. 3:17-cv-338-JPG-DGW, 2018 WL 6928796, at *4 (S.D. Ill. Sept. 20, 2018), Report and Recommendation adopted, 2019 WL 95478 (S.D. Ill. Jan. 3, 2019); *Stratmon v. Morris*, No. 1:12-cv-1837-DAD-SAB (PC), 2018 WL 3388406, at *4 (E.D. Cal. July 10, 2018). Significantly, the fact that Bush was unsuccessful in utilizing the administrative process does not mean that such a process does not exist as an alternative remedy. *Malesko*, 534 U.S. 61, 69, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (noting that “[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability”); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 60 (E.D.N.Y. 2017). “[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not.” *Ziglar*, 137 S. Ct. at 1863.

Defendants also rely on special factors including the separation-of-powers concerns raised by Congress' repeated legislative action on safeguarding the rights of federal prisoners without providing a damages remedy against federal actors.

And they cite to various legislative acts including the Civil Rights Act of 1871, the Prison Litigation Reform Act of 1995, and the Prison Rape Elimination Act of 2003, none of which provide a cause of action for damages in the federal arena.

Based on the foregoing, we conclude, as the courts before us, that extending *Bivens* to Bush's First Amendment claim would be contrary to law.[3] Accordingly Defendants' motion to dismiss Bush's complaint will be granted.[4]

## III. <u>LEAVE TO AMEND</u>

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court finds that amendment would be futile because Bush

---

[3] Additionally, to the extent that Bush's complaint is construed as including a First Amendment denial of access to the court's claim, courts have also declined to extend *Bivens* to such a claim. *See Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018) (declining to extend *Bivens* to First Amendment denial of access to courts claim finding the claim presented a new context and there existed several alternative processes); *See Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir.), cert. denied, 140 S. Ct. 468, 205 L. Ed. 2d 278 (2019)(finding that access to courts claim under the First and Fifth Amendments constitute new *Bivens* contexts, that there exists an alternative remedial structure and that special factors exist to support not extending *Bivens* to such claims); *White v. Hess*, No. 14CV03339CBALB, 2020 WL 1536379, at *5 (E.D.N.Y. Mar. 31, 2020) (same); *Winstead v. Matevousian*, 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018) (declining to find a *Bivens* cause of action for First Amendment retaliation and denial of access to the courts claims because alternative remedies such as the BOP administrative grievance process, a federal tort claims action, or a writ of habeas corpus were available, and the actions of Congress "do not support the creation of a new *Bivens* claim" in the area of prisoners' rights).

[4] As this determination is conclusive, the Court will not address Defendants' additional alternative arguments.

cannot remedy the deficiency in his complaint: that *Ziglar* prohibits extending *Bivens* to First Amendment claims.

## IV. CONCLUSION

For the above stated reasons, the Court will grant Defendants' motion (Doc. 10) to dismiss.

An appropriate Order follows.